IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Filed at __12:50 P__ M __6/1__, 20 __20__  BCL<br>Deputy Clerk, U.S. District Court<br>Middle District of Georgia |
| V. | NO.: __1:20-MJ-28 (TQL)__ |
| JAMES PERK MALONE, | CRIMINAL COMPLAINT |
| Defendant | |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief. On or about December 16, 2019 and January 29, 2020, in the MIDDLE DISTRICT OF GEORGIA, the above-named defendant acted,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1).

I further state that I am a Task Force Officer with the Drug Enforcement Administration, and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_Stripling Luke_ (by TQL w/ express permission)
STRIPLING LUKE
T.F.O. DEA

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.
This __1st__ day of __June__, 20__20__.

_____
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT

I, R. S. Luke, a Task Force Officer of the Drug Enforcement Administration (DEA), United States Department of Justice, and Affiant herein, first being duly sworn depose and state the following:

1. Affiant is an investigator and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). Affiant is an officer of the United States, who is empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. Affiant is currently assigned as a OCDETF Task Force Officer (TFO) with the United States Drug Enforcement Administration ("DEA"), Columbus Resident Office of the Atlanta Field Division. Your Affiant is also employed by the Georgia Bureau of Investigation (GBI) in Sylvester, Georgia as a Special Agent (SA) assigned to conduct narcotic investigations. Your Affiant has been employed by the GBI since 2007.

2. Affiant has conducted and participated in hundreds of investigations into the unlawful importation, possession with the intent to distribute, and distribution of controlled substances and the associated conspiracies, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 952(a), and 963. Affiant has participated in several drug investigations utilizing court authorized electronic surveillance pursuant to Title 18, United States Code, Section 2518. Affiant has also received training and conducted investigations of offenses involving the laundering of monetary instruments, and attempts and conspiracies to do the same, in violation of Title 18, United States Code, Sections 2, 1956, 1956(h) and 1957. Through investigations, training, discussions with other law enforcement officers, and debriefings of cooperating defendants, confidential sources, and other witnesses in the illegal possession, distribution and trafficking of controlled substances, Affiant is familiar with the methods of operation typically utilized by drug traffickers. Affiant knows that drug traffickers often require the use of a telephone to negotiate times, places, and schemes for importing, possessing, concealing, and distributing controlled substances and for arranging the disposition of proceeds derived from the sale of controlled substances. Through his experience, Affiant is also familiar with the types and amounts of profits made by narcotics dealers; the methods, language and terms, which are used to disguise the source and nature of their illegal drug dealings; and the methods used by drug traffickers to thwart detection, arrest, and lawful proof of evidence of their wrongful activities.

3. That I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

4. I am currently conducting an investigation on James Perk Malone, for possession with intent to distribute methamphetamine, a violation of Title 21 USC 841 (a) (1) and 841 (b) (1).

5. James Malone, hereinafter referred to as Malone, resides at 613 16th Avenue, Apartment 51, Albany, Georgia. Malone is in control of daily operations involving the distribution of controlled substances at 520 9th Avenue, Albany, Dougherty County, Georgia, hereinafter referred to as 520 9th Ave.

6. A check of the Georgia Department of Labor indicated that Malone has no employment records for the last four quarters of reported data.

7. Malone is a convicted felon. A check of Albany Water, Gas, and Light records indicates that Malone is the subscriber for services at 613 16th Avenue, Apt 51, Albany, Georgia.

8. On December 16, 2019, a confidential source, hereinafter referred to as CS-1, telephonically contacted Malone to arrange for the purchase of eight (8) ounces of methamphetamine. Malone instructed CS-1 to meet with Malone at 520 9th Ave to complete this purchase. CS-1 met with Malone in the rear portion of the yard at 520 9th Ave and provided Malone with $3,200. Malone provided CS-1 with eight ounces of methamphetamine. The methamphetamine was submitted to a crime lab which indicated a net weight of 208 grams, with a purity of 98%.

9. On January 29, 2020, CS-1 telephonically contacted Malone in reference to the purchase of one pound (16 ounces) of methamphetamine. Malone agreed to complete the purchase at 520 9th Ave. Prior to the arrival of CS-1, surveillance footage captured Shannon Mason, driving the 2000 Honda Accord, parking her vehicle in area of the back yard of 520 9th Ave. Shannon Mason exited her vehicle, holding an object under her jacket and walked to the storage building behind 520 9th Ave. Shannon Mason walked inside of that building, staying for a brief period of time inside of the building. Shannon Mason then exited the storage building and stood in front of the doorway to the storage building. Based on Shannon Mason's actions, it appeared that Shannon Mason was guarding the methamphetamine while waiting on the arrival of CS-1. CS-1 arrived at 520 9th Ave and met with Shannon Mason and James Malone inside of the storage building. CS-1 then completed a one-pound methamphetamine transaction with Shannon Mason and James Malone in exchange for $5,700.00. A field test indicated positive results for methamphetamine. Crime lab results are currently pending.

10. On February 21, 2020, agents executed a state search warrant at 520 9th Ave. Inside of the residence at 520 9th Ave, agents located a loaded Taurus 9mm pistol and 2 cellular telephone. In the kitchen cabinets, agents located several boxes of unused syringes. A number of outbuildings were searched as a part of the backyard search. In the building located in the southwest corner of the yard, agents located Narcan Nasal Spray (a product used to reverse opioid overdoses), syringes and

a pellet rifle. In the building located in the southeast corner of the yard, agents located a metal box containing corners which had been removed from flip-n-fold sandwich baggies. Agents recovered a razor blade, a digital scale, US Currency totaling approximately $800, a prescription bottle containing 11 pills, and a syringe.

11. On February 21, 2020, a state search warrant was executed at Malone's 613 16th Avenue, Albany, Georgia apartment and resulted in the recovery of $42,592.

12. On February 21, 2020, James Malone was arrested at another location for state of Georgia arrest warrants for multiple counts of sale of controlled substances not outlined in this affidavit. James Malone was interviewed after having been advised of his Miranda rights. James Malone initially stated since he had not been caught with any drugs there was really nothing for him to talk about but that if he had been he would have owned up to it. Malone explained that he spent a good deal of time in the 500 block of 9th Avenue just hanging out. Malone described that for as long as he could remember that drugs had been sold in that area. He described past instances in which customers had approached him looking for drugs. He would refer those persons to Patricia Odom. James Malone would take their money, direct them to Patricia Odom to obtain the drugs and have Patricia Odom give the drugs to the customer. James Malone estimated that this probably happened 2-3 times per week. James Malone further stated that if the customer sought to make a small purchase of less than 1 gram of heroin, he would refer them to the Superior Creek Lodge explaining that they did not break up their grams on 9th Avenue.

13. James Malone admitted that the Narcan at 9th Avenue was his and that some had been administered to one of the customers. He further admitted having sold Narcan to others in the past. Malone stated that the last time he participated in the sale of on 9th Avenue was 2/17/2020. He stated on that occasion he sold 20 hydrocodone pills. He went on to say that he prefers to sell heroin because he makes more money. He described a recent transaction with Raymond Cook where he and Raymond Cook each made $30.

14. James Malone was booked into the Dougherty County jail and was subsequently released on bond on February 22, 2020.

15. Law enforcement continued to conduct surveillance of 520 9th Ave which indicated that James Malone was continuing to distribute controlled substances.

16. On Wednesday, April 18, 2020, the Albany-Dougherty Drug Unit contacted individuals at 520 9th Avenue due to citizen complaints about drug distribution in the area of 520 9th Avenue. Albany-Dougherty Drug Unit members made contact with James Malone at 520 9th Avenue. A search of 520 9th Avenue to include the outbuilding at the rear of the yard resulted in the recovery of no items of investigative value.

17. On Thursday, April 30, 2020, agents of the GBI and troopers of the Georgia State Patrol conducted a traffic enforcement operation in the area of 520 9th Avenue targeting subjects departing from 520 9th Avenue. Agents observed multiple vehicles arrive at the rear of 520 9th Avenue in the alley (an alley which separates 9th Avenue from 8th Avenue, running parallel to 9th and 8th Avenue) and depart the location within minutes. Multiple vehicles leaving 520 9th Avenue were stopped by GSP which resulted in three arrests in Dougherty County for possession of controlled substances.

18. Cooperating Defendant 1, hereinafter referred to as CD-1, was arrested for possession of controlled substances (four oxycodone pills and approximately one-half gram of heroin). CD-2 was arrested for possession of controlled substances (approximately one and one-half gram of heroin and approximately one gram of methamphetamine). CD-3 was arrested for possession of controlled substances (approximately one gram of methamphetamine). Agents observed the three subjects listed above at 520 9th Avenue prior to being stopped by GSP. Agents conducted interviews with the individuals arrested. After the interviews, each subject was booked into the Dougherty County Jail.

19. After being advised of and waiving *Miranda,* CD-1 essentially stated that CD-1 has been using controlled substances for approximately eight years. CD-1 was introduced to James Malone by a friend. CD-1 usually calls or text messages James Malone at cellular telephone number 470-542-1166. CD-1 has purchased approximately $80.00 worth of heroin or pain pills from Malone every day or every other day for the last year. On Thursday, April 30, 2020, CD-1 purchased four oxycodone pills and one-half gram of heroin for $160.00 from James Malone.

20. After being advised of and waiving *Miranda,* CD-3 essentially stated that CD-3 picked up CD-2 from a liquor store and drove him to a place to get drugs. CD-3 was not sure of the place but believed it was called 9th Street. CD-3 went in with CD-2 on $100.00 but did not specify what drugs to get. CD-3 was not expecting to get methamphetamine or heroin but was expecting to get drugs.

21. After being advised of and waiving *Miranda,* CD-2 essentially stated that CD-2 had purchased the suspected heroin located by the Troopers from a white male known only as "Markey" from "the trap" off of 8th Avenue. CD-2 and CD-3 each provided money to make the purchase with the total being $100.00. CD-2 was the only person that got out of the vehicle and conducted the transaction. CD-2 explained how this was protocol if the people at the trap did not know someone (referring to CD-3). There was a second unknown white male present at the trap when CD-2 made this purchase.

22. CD-2 detailed how CD-2 had been purchasing illegal controlled substances from subjects at 520 9th Avenue for 5 years. CD-2 described a black male known as Malone as the primary person distributing controlled substances from 520 9th Avenue. CD-2 began buying pills years ago and eventually transitioned to heroin. CD-2 would purchase users amounts of heroin from 520 9th Avenue sometimes 2 or 3 times a day, almost every day. CD-2 admitted to having purchased $40.00 worth of heroin earlier this date when CD-2 was alone and driving CD-2 Grandmother's van at 520 9th Avenue. CD-2 had already snorted that heroin prior to getting with CD-3.

23. CD-2 made two purchases of heroin from Malone the day before (meaning Wednesday April 29, 2020). CD-2 purchased $50.00 worth of heroin one time and then about $60.00 or $80.00 worth of heroin the second time.

24. On May 12, 2020, yet another state search warrant was served at 520 9th Ave. James Malone and Laura Ann Dungee-Ali were located at 520 9th Ave. In the immediate area of James Malone in the backyard of 520 9th Ave, Agents recovered four separate quantities of methamphetamine packaged for distribution, heroin, three Oxycodone Hydrochloride 30 mg tablets, and $2450.

25. Based on the above stated facts, I have probable cause to believe that James Perk Malone did commit the crime of possession with intent to distribute controlled substances and distribution of controlled substances on multiple instances as set forth above, in violation of Title 21 USC 841 (a) (1) and 841 (b) (1).

*R. S. Luke* (by TQL w/ express permission)

R. S. LUKE-Task Force Officer
Drug Enforcement Administration

*Pursuant to Federal Rule of Criminal Procedure 4.1, the contents of the present affidavit were telephonically sworn to me on this* **1st** *day of June, 2020.*

Thomas Q. Langstaff
United States Magistrate Judge